**Opinion filed February 10, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00079-CR

_____

### EMBER DELISE LAJUANIE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-19-0610-CR**

## M E M O R A N D U M   O P I N I O N

Ember Delise Lajuanie pleaded guilty to the first-degree felony offense of injury to a child by omission.[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (e) (West Supp. 2021). The trial court deferred a finding of guilt and placed Appellant on community supervision for a term of ten years. The State later filed a motion to

---

[1]Appellant was charged by information with intentionally and knowingly causing serious bodily injury to F.P., a child for whom Appellant was the legal guardian, by omission by failing to provide proper medical care to the child.

adjudicate Appellant's guilt wherein it alleged that Appellant had committed three separate violations of the terms and conditions of her community supervision. Following a hearing, the trial court found that Appellant had committed the alleged violations of the terms and conditions of her community supervision. The trial court adjudicated Appellant guilty of the charged offense and sentenced her to life in prison. In two issues, Appellant challenges the trial court's adjudication. We affirm.

*Background Facts*

On May 13, 2019, Appellant pleaded guilty to the offense of injury to a child by omission. The trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. One of Appellant's terms and conditions of community supervision was to avoid using or possessing any narcotics or drugs.

Shortly after the trial court placed Appellant on community supervision, Appellant sought to transfer her community supervision to Brazoria County. The trial court granted this request, and Appellant moved in with her grandfather and his wife in Brazoria County. Daniella Reyes was Appellant's probation officer in Brazoria County. Appellant first reported to Reyes on August 22, 2019. Reyes informed Appellant that she needed to complete a full drug assessment and complete her CPS parenting classes.

Appellant reported to Reyes intermittently until December 9, 2019. During this four-month period, Appellant tested positive for methamphetamine and amphetamine, and she completed two admission forms in which she admitted to the use and possession of methamphetamine. Appellant also missed two drug tests.

In December 2019, Reyes recommended that Appellant complete an inpatient treatment program at Santa Maria. Appellant contacted Santa Maria but was unable to immediately receive treatment due to the facility's six-month waitlist. Appellant then sought, and located, another treatment facility, located in Austin, where she could begin treatment the following week. Before traveling to the treatment facility,

Appellant contacted her probation officer in Ector County, Deyda Alli, seeking permission to enroll in the Austin treatment program. However, Alli did not allow Appellant to enter the program. Instead, Alli began the process of obtaining a warrant for Appellant's arrest.

The State filed a motion seeking a warrant for Appellant's arrest on December 11, 2019. That same day, the State also filed a motion to adjudicate Appellant's guilt. In its motion to adjudicate guilt, the State alleged two separate drug use violations and one drug possession violation. Following her arrest, Appellant filed an affidavit swearing that she was indigent. On January 14, 2020, the trial court appointed attorney Latawn White as counsel for Appellant. On February 11, 2020, the trial court set the motion to adjudicate for a hearing to be held on February 20, 2020. The trial court later reset the hearing on the motion to adjudicate for February 28, 2020.

At the outset of the hearing on February 28, the trial court made the following announcement: "[I]t has been represented to the Court that [Appellant] has requested the opportunity to retain counsel of her choosing at her own expense[.]" White agreed with this statement. She also stated that attorney Justin Low was the attorney that had been retained and that he was in attendance. White further stated that "because we have a witness here from Brazoria County," she was going to cross-examine the witness and then Low would be taking over when the hearing resumed at a later date. The trial court confirmed these matters with Appellant and obtained her permission "to proceed under those circumstances."

During the course of the February 28 hearing, Low realized that he had a conflict of interest that would preclude him from being able to represent Appellant. Appellant indicated to the trial court that she wished to retain replacement counsel. The trial court responded that Appellant could retain replacement counsel but that the hearing was being set to resume on March 4 and that she had "until 1:30

3

Wednesday to retain somebody." The trial court asked White to remain as counsel in the case and be prepared to represent Appellant on March 4 in the event Appellant did not retain additional counsel. The trial court also asked Appellant if she understood the situation, to which she replied in the affirmative.

The hearing on the motion to adjudicate resumed on March 4. White represented Appellant at the hearing. White made the following statement at the outset of the hearing:

> [B]ased on the discussions that we had on the record the last time, to clarify on the record, I have spoken to [Appellant's] family. They were seeking other counsel. After we spoke again, they decided not to hire anyone else and were unable to have anyone else present today so I am proceeding with representing her.

*Analysis*

In her first issue, Appellant contends that the trial court deprived her of her right to choose her own counsel. Specifically, Appellant asserts on appeal that the trial court should have given her more time to find new retained counsel after Low determined during the February 28 hearing that he had a conflict of interest that precluded him from representing Appellant. She contends that, because of the trial court's time limitation, she only had two business days to attempt to find new retained counsel. Appellant further contends that the trial court committed structural error in this regard.

Both the United States Constitution and the Texas Constitution guarantee the right to counsel to criminal defendants. *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex. Crim. App. 2003); *see* U.S. CONST. amend VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005). Included in the right to counsel is the defendant's right to select the counsel of her choice. *Gonzalez*, 117 S.W.3d at 836–37 (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). However, a defendant's right to counsel of their choice is not absolute. *Id.* at 837 (citing *Wheat v. United*

4

*States*, 486 U.S. 153, 159 (1988)).  "[W]hile there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice."  *Id.* (citing *Wheat*, 486 U.S. at 158–60).  For example, "[a] criminal defendant may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so the defendant may retain other counsel."  *Long v. State*, 137 S.W.3d 726, 735 (Tex. App.—Waco 2004, pet. ref'd) (citing *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979)).  A constitutional violation occurs "when a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel."  *Gonzalez*, 117 S.W.3d at 837.

Appellant essentially contends that the trial court did not give her enough time to find new retained counsel.  However, Appellant made neither an objection nor a request for additional time at the end of the February 28 hearing or at the beginning of the March 4 hearing.  Generally, to preserve a complaint for appellate review, a party must make a contemporaneous request, objection, or motion in the trial court. TEX. R. APP. P. 33.1(a)(1); s*ee Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020) (citing TEX. R. APP. P. 33.1(a)(1)).  As noted by the Texas Court of Criminal Appeals, there are two general policies for requiring timely requests and objections.  "First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it.  Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony."  *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).  "[O]bjections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial.  They, and the judicial system, are not burdened by appeal and retrial.  When a

party is excused from the requirement of objecting, the results are the opposite." *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

Appellant did not detail her efforts to hire replacement counsel. Nor did she detail how she would have benefited from more time to hire replacement counsel. Moreover, at the March 4 hearing, Appellant never indicated that she did not wish to proceed with her appointed counsel or that she did not want to proceed until she was given another opportunity to hire new counsel. All that is present is the comment by Appellant's appointed counsel to the trial court stating that Appellant's family tried to hire new counsel, but ultimately decided not to do so. Accordingly, Appellant did not preserve her complaint that the trial court did not provide her with sufficient time to find new retained counsel.

We conclude that the trial court did not unreasonably interfere with Appellant's ability to retain counsel of her own choice. *See Gonzalez*, 117 S.W.3d at 837. "[A] trial court [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 152 (2006) (citations omitted); *see Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing factors to be weighed in balancing defendant's right to counsel of choice against the trial court's need for prompt and efficient administration of justice). The trial court appointed White for Appellant on January 14, 2020. However, Low did not make an appearance in the case until February 28, 2020. In doing so, he indicated that he had been hired on February 27. Accordingly, we disagree with Appellant's contention that she only had two business days to hire retained counsel. Over one month elapsed between the appointment of White and the date Appellant hired Low. Had Low been hired earlier, the conflict could have been discovered earlier as well. Furthermore, the trial court specifically allowed Appellant to find replacement retained counsel as long as whoever Appellant hired was ready by March 4. Given

the history of the case, this did not constitute an unreasonable interference with Appellant's right to counsel of her choice. We overrule Appellant's first issue.

In Appellant's second issue, she contends that the trial court erred in overruling a relevancy objection that she made at the March 4 hearing. Specifically, Appellant asserted that testimony from Sergeant Trent Autry about the underlying offense would not be relevant until Appellant was adjudicated guilty. The trial court overruled the objection on the basis that the testimony "could be relevant to punishment, assuming there is an adjudication." The trial court then stated that it "will consider the testimony for that purpose only." Appellant asserts on appeal that the trial court erred in making this ruling.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). We uphold a trial court's evidentiary ruling if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 125–26 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

Rule 401 provides that evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." TEX. R. EVID. 401. Relevant evidence is generally admissible, whereas "[i]rrelevant evidence is not inadmissible." TEX. R. EVID. 402.

Appellant asserts that evidence of the underlying criminal offense is not relevant to the motion to adjudicate her guilt for that very same offense. This proposition is incorrect because the facts of the underlying offense are facts of consequence to the ultimate decision that the trial court was tasked with making—

whether to proceed to an adjudication of guilt. *See* TEX. R. EVID. 401. In addition to finding the three alleged violations to be "true," the trial court stated that it "finds and adjudicates [Appellant] guilty of the offense of injury to a child by omission[.]" Accordingly, the trial court did not abuse its discretion by overruling Appellant's relevancy objection to evidence about the underlying offense. In this regard, we disagree with Appellant's contention that the facts of the underlying offense are related solely to punishment.

Moreover, even if we were to assume that the trial court erred by overruling Appellant's relevancy objection to Sergeant Autry's testimony about the facts of the underlying offense, Appellant was not harmed by the ruling. We first note that the trial judge that heard the motion to adjudicate Appellant's guilt was the same trial judge that had received her guilty plea and placed her on deferred adjudication.[2] Because the same factfinder presided over both proceedings, the trial judge already had knowledge of the underlying offense. Second, the trial court expressly stated that it would only consider the evidence from Sergeant Autry for the purpose of punishment. Third, prior to Segreant Autry's testimony, Appellant's community supervision officer, Deyda Alli, testified without objection to the same basic facts about the underlying offense to which Sergeant Autry testified.[3] The improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Land v. State*, 291 S.W.3d 23, 28 (Tex. App.—Texarkana 2009, pet. ref'd). Accordingly, we overrule Appellant's second issue.

---

[2] We do not have a reporter's record from the hearing wherein Appellant entered her guilty plea.

[3] Alli testified that Appellant's five-week-old child died when Appellant left the child in the care of a ten-year-old.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


February 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[4]

Trotter, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.